**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reynaldo B. Lechuga,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JoAnne B. Barnhart, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-05-1393-PHX-FJM<br><br>**ORDER** |

Plaintiff brought this action seeking review of the Social Security Administration's decision denying his application for disability insurance benefits. The court has before it plaintiff's motion for summary judgment (doc. 16), defendant's response (doc. 19) and cross-motion for summary judgment (doc. 20), and plaintiff's reply (doc. 23).

On April 3, 2001, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, alleging disability since November 17, 2000, due to diabetes and a cut tendon in his thumb. The claim was denied both initially and upon reconsideration. On May 29, 2003, following a hearing, the Administrative Law Judge ("ALJ") concluded that, although plaintiff was unable to return to his past relevant work, he was capable of performing work in the national economy and therefore was not disabled. Accordingly, plaintiff's application for benefits was denied. The decision became

1  final when the Appeals Council denied plaintiff's request for review. He then filed this action
2  for judicial review pursuant to 42 U.S.C. § 405(g).

3      We may set aside a denial of benefits "only if it is not supported by substantial
4  evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.
5  2002). Substantial evidence is "relevant evidence which, considering the record as a whole,
6  a reasonable person might accept as adequate to support a conclusion. Where the evidence
7  is susceptible to more than one rational interpretation, one of which supports the ALJ's
8  decision, the ALJ's conclusion must be upheld." Id. (citation omitted); see also 42 U.S.C. §
9  405(g).

10      Plaintiff first argues that the ALJ's reliance on the vocational expert's ("VE")
11  testimony was error because the hypothetical question presented did not include all of
12  plaintiff's limitations, specifically the requirement that he be able to "move around" at work.
13  Tr. at 266. Medical expert, Clifford Harris, M.D., testified that plaintiff could not do heavy
14  lifting, walk for more than half a mile without resting, and climb ladders or work at heights
15  because of a balance problem. Tr. at 259. He also testified that plaintiff needed a sit/stand
16  option that was not limited to an up/down motion, but included the opportunity to move
17  around in the work area. Tr. at 266. The VE then testified that plaintiff could not do his past
18  work because it required heavy lifting or prolonged standing or walking. Tr. at 270.
19  However, the VE testified that plaintiff could do other work, including parking lot attendant
20  with no erosion of the number of available jobs, or sedentary-level assembler or cashier, both
21  with a 25% erosion because of the sit/stand option. Tr. at 270-72.

22      Plaintiff now argues that in concluding that plaintiff could perform these jobs, the VE
23  failed to consider the option to "move around" as recommended by Dr. Harris. "If a
24  vocational expert's hypothetical does not reflect all the claimant's limitations, then the
25  expert's testimony has no evidentiary value to support a finding that the claimant can perform
26  jobs in the national economy." Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)
27  (quotation omitted). At the beginning of her testimony, the ALJ instructed the VE to
28  consider the restrictions testified to by Dr. Harris. Tr. at 270. The VE had previously heard

- 2 -

1 Dr. Harris's testimony that the sit/stand option included the opportunity to move around in
2 the work area. Tr. at 266. Moreover, in response to a question by the ALJ, the VE
3 confirmed that her consideration of these jobs included not only the sit/stand option, but also
4 the ability to move around. Tr. at 276.

5 Plaintiff also argues that the VE failed to consider Dr. Harris's suggestion that plaintiff
6 needs a cane to walk, and how that restriction would affect plaintiff's ability to work.
7 However, Dr. Harris did not state that plaintiff needs a cane to walk, but rather that it would
8 "help his balance a lot," and that the use of a cane would be "preferable." Tr. at 267. Instead,
9 Dr. Harris testified that even without a cane "[h]e can walk." Tr. at 266-67. Therefore, the
10 VE was not required to consider the use of a cane as a restriction. We conclude that the
11 record sufficiently establishes that the VE considered all of plaintiff's limitations, and
12 accordingly, the ALJ's reliance on the VE's testimony was proper.

13 Plaintiff also claims that the ALJ failed to comply with his duty to develop the
14 evidentiary record. See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (an ALJ has
15 a duty to supplement the record when it is incomplete or ambiguous). He claims that the ALJ
16 prohibited him from inquiring into the factual basis of the VE's opinion that the jobs plaintiff
17 was capable of performing would allow him to periodically move around. In addition to
18 citing the number of jobs available in the local economy, the VE testified that she had
19 personally conducted job site inspections at several local facilities. Tr. at 272-73, 275. This
20 testimony constitutes substantial evidence to support the ALJ's residual functional capacity
21 finding. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that "a VE's
22 recognized expertise provides the necessary foundation for his or her testimony . . . [t]hus,
23 no additional foundation is required").

24 Finally, plaintiff contends that the ALJ's credibility findings are not supported by
25 substantial evidence in the record. If the ALJ finds that a claimant's testimony regarding the
26 severity of his pain and impairments is unreliable, "the ALJ must make a credibility
27 determination with findings sufficiently specific to permit the court to conclude that the ALJ
28 did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958. In evaluating

1  credibility, "an ALJ may engage in ordinary techniques of credibility evaluation, such as
2  considering claimant's reputation for truthfulness and inconsistencies in claimant's
3  testimony." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). An ALJ may also
4  discredit the testimony of a plaintiff who failed to seek or follow a prescribed course of
5  treatment. Id. at 681.

6      Here, the ALJ concluded that plaintiff's testimony was "exaggerated and embellished"
7  and "not entirely credible." Tr. at 20. First, the ALJ found that the medical evidence did not
8  support plaintiff's subjective complaints, particularly where none of the plaintiff's treating
9  physicians provided a medical source statement. Tr. at 21. The ALJ also discounted
10 plaintiff's credibility because of inconsistencies in his testimony, including his allegation that
11 he had been drug free since 1998, although he was arrested for crack cocaine possession in
12 January 2003. Tr. at 20. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)
13 (holding that in reaching his findings, the ALJ is "entitled to draw inferences logically
14 flowing from the evidence"). Plaintiff also testified that he did not leave his job in November
15 2000 because of any medical problems, Tr. at 240-42, although he had originally stated in
16 his disability report that he left because of pain in his feet and blurred vision. Tr. at 91. The
17 ALJ also found significant plaintiff's ongoing history of noncompliance with his medication
18 regimen, which is particularly significant given the alleged increase in the severity of his
19 symptoms and the attendant inability to work at the beginning of 2001. Based on the ALJ's
20 clear and convincing reasons for partially rejecting plaintiff's testimony, and the substantial
21 evidence to support that determination, we conclude that the ALJ properly evaluated
22 plaintiff's testimony.

23     Based on the foregoing, we conclude that substantial evidence in the record supports
24 the ALJ's conclusion that plaintiff is not disabled.

Therefore, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 16) and **GRANTING** defendant's cross-motion for summary judgment (doc. 20).

DATED this 20th day of July, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge